IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HON C. LAU,

      Plaintiff,                    No. CIV S-09-0124 EFB P

  vs.

ARNOLD SCHWARZNEGGER,

      Defendants.          <u>ORDER</u>

                              /

     Plaintiff, a prisoner without counsel has filed a complaint, a request for leave to proceed *in forma pauperis* and two motions for the appointment of counsel. For the reasons explained, plaintiff must amend his complaint to clarify the remedy he wishes to pursue. Accordingly, the court defers ruling on the request for leave to proceed *in forma pauperis*, and denies the motions for appointment of counsel without prejudice.

     The court has reviewed the pleading in this action. In section III, Statement of Claim, plaintiff alleges:

> 1. wrongful conviction, and false imprisonment. 2. obstruction access to courts, cause [sic] by the prison guard keep took my appeal legal documents stole my in and out mails communicating to courts was lost constantly. 3. and the tower prison guard control open my cell door let other inmate came [sic] in and assault me at 7-17-04 Calipatria state prison, great bodily injury. 4. I was charge [sic] for assault for attacking my cellie at 12-9-07 at Salinas Valley State Prison, which was a self defen [sic] cause [sic] by others. I am the only offender being

1

punished.

As relief, he requests, "[n]ew trial for my case and/or sentence reverse.  Pay the 6 years wrongful conviction damage to plaintiff's pleading.

While it appears that plaintiff wishes to obtain a writ of habeas corpus, in light of his request for damages, it is not clear.  The law is well-established that habeas corpus is the sole remedy for a prisoner challenging the fact or duration of his confinement and seeking immediate or speedier release from custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  An action under 42 U.S.C. § 1983 is the remedy for allegedly unconstitutional conditions of confinement. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Preiser*, 411 U.S. at 498-99.  Here, the allegations are too vague to determine whether petitioner states a claim under either 28 U.S.C. § 2254(a)[1] or 42 U.S.C. § 1983[2].  In order to proceed, plaintiff must inform the court whether he means to challenge the fact or duration of his confinement or whether he seeks damages or other relief for alleged civil rights violations.

With respect to the request for leave to proceed *in forma pauperis*, the court notes that the filing fee and procedures for granting the request are different in habeas and civil rights actions.  *See* 28 U.S.C. §§ 1914(a), 1915(a).  Until the court knows which fee and procedures apply, ruling on the application is deferred.

There is no absolute right to counsel in either federal habeas proceedings or civil rights actions. *Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996); *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  The court has reviewed the motion for appointment of counsel under the standards applicable in habeas proceedings and in civil rights actions, and finds that

---

[1] This statute requires a district court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

[2] Section 1983 creates a cause of action against any person who, under color of state law, deprives a citizen or person within the jurisdiction of the United Sates of a constitutional right.  42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

plaintiff has not made the showing required under either standard.  *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing Section 2254 Cases (court may appoint counsel if it would serve the interests of justice); 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (court may request counsel voluntarily to represent a civil rights plaintiff in exceptional circumstances). Thus, the motions for appointment of counsel must be denied.

Accordingly, it hereby is ordered that:

1. Within 30 days from the date this order is signed, plaintiff must file either a petition for a writ of habeas corpus or a civil rights complaint.  The Clerk of the Court is directed to send to plaintiff the form application for a writ of habeas corpus and the form civil rights complaint used in this court. Petitioner must complete one or the other of these forms to clarify the remedy he seeks.  Failure to comply with this order may result in this action being dismissed;

2. The court defers ruling on plaintiff's request to proceed *in forma pauperis*.

3. The March 2 and March 13, 2009, motions for appointment of counsel are denied without prejudice.

Dated:  June 10, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3